UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRANKLIN HARRIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:13-CV-577-PLR-HBG |
| ) | |
| TELLICO SERVICES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge [Doc. 41].

Now before the Court is Defendant Tellico Services, Inc.'s Motion to Recover Attorney Fees [Doc. 39], which moves the Court to award the Defendant $ 27,025.00 in attorneys' fees. This motion was filed on February 4, 2015, and referred to the undersigned by Order of the District Judge on February 10, 2015. An *Amicus Curiae* Brief on Behalf of Plaintiffs was filed on March 10, 2015. Defendant Tellico Services, Inc. filed a Reply to Plaintiffs' *Amicus Curiae* Brief on March 14, 2015. It is now ripe for adjudication, and for the reasons stated herein, the undersigned will **RECOMMEND** that this motion be **GRANTED**.

### I. Background

This action was originally filed by eighteen former or current employees of Defendant Tellico Services, Inc. (hereinafter "TSI") alleging that TSI violated the WARN Act, 29 U.S.C. § 2101 *et seq.* in connection with a layoff that occurred in March 2013. The original Complaint

[Doc. 1] was filed on September 28, 2013, and an Amended Complaint [Doc. 6] was filed on November 11, 2013. On July 22, 2014, TSI filed a Motion for Summary Judgment [Doc. 17]. Plaintiffs filed a Motion for Extension of Time [Doc. 19] in which to respond to TSI's summary judgment motion and were granted an extension through October 17, 2014 in which to respond. However, on September 17, 2014, Plaintiffs' counsel filed a Motion to Withdraw [Doc. 26]. By Order entered September 30, 2014 [Doc. 29], the Court granted the Motion to Withdraw of Plaintiffs' counsel and imposed a sixty day stay and extension of all deadlines. Upon expiration of the sixty day stay, the Order provided that the Plaintiffs would have ten additional days to file responses to TSI's summary judgment motion. Fourteen of the twenty Plaintiffs identified in the Amended Complaint filed stipulations of dismissal leaving six Plaintiffs with pending claims. No response was ever filed by any Plaintiff to the Defendant's dispositive motion. Accordingly, on January 20, 2015, the Court dismissed the action for failure to prosecute [Doc. 37, 38].

**II.     Position of the Parties**

TSI moves the Court to enter judgment against the Plaintiffs, jointly and severally, in the amount of $27,025.00. TSI maintains that it was the prevailing party in this action and has incurred $27,025.00 in attorney fees in obtaining dismissal of the claims against it. Of the $27,025.00 in attorney fees incurred by TSI, $5,825.00 was incurred as of March 20, 2014 and $21,200.00 was incurred after March 20, 2014. In support of their request, TSI has submitted the Declaration of Danny P. Dyer [Doc. 39-1] and the Declaration of J. Chadwick Hatmaker [Doc. 39-2].

On March 10, 2015, an *Amicus Curiae* Brief on Behalf of the Plaintiffs [Doc. 44] was filed with the Court in regard to TSI's Motion to Recover Attorney Fees. Therein, Plaintiffs oppose TSI's Motion to Recover Attorney Fees against the Plaintiffs who were dismissed from

the suit by stipulation of the parties prior to the dismissal of the case. Plaintiffs argue that TSI should not be considered a prevailing party as to those Plaintiffs because there was no judicial involvement in their dismissal. Plaintiffs further argue that no attorney fees should be recovered from the group of Plaintiffs that were dismissed for failure to prosecute, stating that the Middle District of Tennessee has held an involuntary dismissal without prejudice would lack the preclusive effect of *res judicata* necessary to accord prevailing party status to the non-moving party. See, McKnight v. 12th & Div. Props., LLC, 709 F. Supp. 2d 653 (M.D. Tenn. 2010), citing Rogers, 2003 U.S. Dist. LEXIS 20171, at 4. In the alternative, Plaintiffs request that should this Court find Defendant TSI is a prevailing party, the Court should find that the Plaintiffs participation in the case was in good faith because the minimal discovery that occurred was fair and reasonable attempt to verify their initial belief that the requisite number of individuals had been laid off to qualify under the WARN Act.

    TSI filed a Reply to Plaintiffs' *Amicus Curiae* Brief on March 13, 2015. In reply to Plaintiffs' arguments, TSI stated that it prevailed in this case by obtaining dismissal of Plaintiffs' claims with prejudice, albeit with the Plaintiffs' consent. The dismissal of Plaintiffs' claims, with prejudice, was a judgment on the merits. TSI further states that Plaintiffs omit in their response that the dismissal of a number of the Plaintiffs occurred in the face of a pending motion for summary judgment, while the remaining Plaintiffs never responded to said dispositive motion. TSI maintains that it achieved a dismissal of Plaintiffs' claims in their entirety with full *res judicata* effect by showing that the WARN Act was not applicable to the March 2013 layoff.

**III. Analysis**

After review of the foregoing, the Court finds that TSI is the prevailing party in this action and has incurred $27,025.00 in attorney fees in obtaining dismissal of the claims against it. The Court finds that TSI is the prevailing party as to the Plaintiffs who were dismissed from the suit by stipulation of the parties prior to the dismissal of the case. The Court agrees with the findings in United States v. Estate of Rogers, where Judge R. Allen Edgar states:

> The majority of federal courts that have addressed the specific issue held that where a plaintiff voluntarily dismisses the complaint with prejudice in a non-civil rights case, the defendant is the prevailing party for purposes of awarding costs... [t]his Court agrees with and follows the majority rule... [n]umerous federal courts, including the Sixth Circuit recognize that a plaintiff's voluntary dismissal of a complaint with prejudice pursuant to Fed. R. Civ. P. 41(a) gives the defendant the full relief to which the defendant is legally entitled and is tantamount to a judgment on the merits.

United States v. Estate of Rogers, No. 1:97-cv-461, 2003 WL 21212749 (E.D. Tenn. April 3, 2003).

Accordingly, the dismissal of Plaintiffs' claims, with prejudice, was a judgment on the merits. Furthermore, the Court finds that TSI is also the prevailing party as to the Plaintiffs who did not agree to dismissal but had their claims dismissed by the Court for failure to prosecute. Here, the Court looks to Fed. R. Civ. P. 41(b) which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b)

Accordingly, the Court's dismissal of the claims against the Plaintiffs who failed to prosecute was an adjudication on the merits.

After determination that TSI is the prevailing party in the action, the Court now looks to the cost of attorney fees incurred by TSI in obtaining dismissal of the claims against it. The Court finds that a lodestar analysis is the appropriate means for determining the fees reasonably incurred. See Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 349 (6th Cir. 2000).

Pursuant to the lodestar method, the Court considers, first, the reasonableness of the hourly rates charged by counsel. TSI moves the Court to compensate Attorney Danny P. Dyer, an experienced shareholder attorney, at a rate of $250 per hour. The Court finds that the hourly rate charged by TSI's counsel [see Doc. 39-1 at ¶ 9, Doc. 39-3 at ¶ 6], is reasonable and consistent with rates generally charged by practitioners in this region with experience equivalent to that of TSI's counsel.

As the second component of the lodestar analysis, the Court considers the reasonableness of the hours expended in the litigation. TSI has provided the Court with the hourly billing records for this case. [Doc. 39-1, Exhibit 1]. The undersigned has reviewed these documents and finds that the hours expended in obtaining the judgment in this case were reasonable. Accordingly, the Court finds that it is appropriate to compensate the Defendant for the hours expended.

For the reasons stated herein, the Court finds that Defendant TSI's request that they be awarded $27,025.00 in attorney fees incurred in this case is well-taken, and the undersigned will **RECOMMEND** that it be **GRANTED**.

**IV.     Conclusion**

The undersigned finds that Defendant Tellico Services, Inc.'s Motion to Recover Attorney Fees **[Doc. 39]** is well-taken and **RECOMMENDS**[1] that it be **GRANTED.** The undersigned **RECOMMENDS** that Defendant Tellico Services, Inc. be awarded **$ 27,025.00** in attorneys' fees incurred in obtaining a default judgment in this case.

Respectfully Submitted,

_____
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).