UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRANKLIN HARRIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:13-CV-577-PLR-HBG |
| | ) |
| TELLICO SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action was originally filed by eighteen former or current employees of Tellico Services, Inc. (TSI), alleging that TSI violated the WARN Act, 29 U.S.C. § 2101 *et seq.,* in connection with a layoff that occurred in March 2013. The original Complaint was filed on September 28, 2013, and an Amended Complaint was filed on November 11, 2013. On July 22, 2014, TSI filed a motion for summary judgment. Plaintiffs were granted an extension of time through October 17, 2014, in which to respond to the motion. However, on September 17, 2014, plaintiffs' counsel filed a motion to withdraw, which was granted by the court on September 30, 2014. The court imposed a sixty day stay and extension of all deadlines. Upon expiration of the sixty day stay, the court's order provided that plaintiffs would have ten additional days to file responses to TSI's summary judgment motion. Fourteen of the twenty plaintiffs identified in the Amended Complaint filed stipulations of

dismissal leaving six plaintiffs with pending claims. No response was ever filed by any plaintiff to TSI's dispositive motion. On January 20, 2015, the court dismissed the action for failure to prosecute, without ruling on the summary judgment motion.

TSI filed a motion to recover its attorney's fees from plaintiffs. In support of its motion, TSI maintains that it was the prevailing party in this action and has incurred $27,025.00 in attorney's fees in obtaining dismissal of the claims against it. Plaintiffs chose to dismiss or abandon their claims when faced with a motion for summary judgment alleging that the WARN Act was not applicable to the March 2013 layoff. TSI maintains it achieved a dismissal of plaintiffs' claims in their entirety, with full *res judicata* effect; thus, it is entitled to recover its attorney's fees.

Plaintiffs, on the other hand, argue that TSI should not be considered a prevailing party because there was no judicial involvement in the dismissal of their claims. In the alternative, should the court find TSI is a prevailing party, the court should also find that plaintiffs' filed this action in good faith, and it was only after discovery that they learned that they did not have the requisite number of individuals to pursue a claim under the WARN Act.

The magistrate judge found TSI to be the prevailing party in this action and further found that TSI has incurred $27,025.00 in attorney's fees in obtaining dismissal of the claims against it. The magistrate judge recommended that TSI's motion be granted, and TSI be awarded $27,025.00 in attorney's fees from plaintiffs [R. 46].

This matter is before the court for consideration of plaintiffs' objections [R. 49] to the Report and Recommendation filed by the magistrate judge. Defendants have responded to plaintiffs' objections [R. 50]. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of the Report and Recommendation. For the reasons that follow, plaintiffs' objections will be sustained, and defendants' motion for attorney's fees will be denied.

Under the "American Rule," parties are ordinarily required to bear their own attorney's fees, and courts follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority. *Key Tronic Corp. v. United States,* 511 U.S. 809, 819 (1994). Congress has employed the legal term of art "prevailing party" in numerous statutes authorizing awards of attorney's fees. The WARN Act is such a statute. Specifically, 29 U.S.C. § 2104(a)(6) provides, "In any such suit, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." A "prevailing party" is one who has been awarded some relief by a court. *See, e.g., Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). Both judgments on the merits and court-ordered consent decrees create a material altercation of the parties' legal relationship and thus permit an award. *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.,* 489 U.S. 782, 792 (1989).

The majority of federal courts that have addressed the issue hold that a plaintiff's voluntary dismissal of his action makes the defendant a prevailing party entitled to costs and fees. *Zenith Ins. Co. v. Breslaw,* 108 F.3d 205, 207 (9th Cir. 1997); *Cantrell v. Int'l Broth. Of Elec. Workers,* 69 F.3d 456, 458 (10th Cir. 1995); *Sheets v. Yamaha Motors Corp.,* 891 F.2d 533, 539 (5th Cir. 1990); *Schwarz v. Folloder,* 767 F.2d 125, 130 (5th Cir. 1985); *Beer v. John Hancock Life Ins. Co.,* 211 F.R.D. 67, 70 (N.D.N.Y. 2002); *Uniflow Mfg. Co. v. Superflow Mfg. Corp.,* 10 F.R.d. 589 (N.D.Ohio 1950); 10 Wright & Miller § 2667, pp. 209-10 n. 14; *see also Kona Enter. Inc. v. Estate of Bishop,* 229 F.3d 877, 889 (9th Cir. 2000).

Moreover, numerous federal courts, including the Sixth Circuit, recognize that a plaintiff's voluntary dismissal of a complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a) gives the defendant the full relief to which the defendant is legally entitled and is tantamount to a judgment on the merits. *Dean v. Riser,* 240 F.3d 505, 509 (5th Cir. 2001); *Catz v. Chalker,* 142 F.3d 279, 287 (6th Cir. 1998); *Israel v. Carpenter,* 120 F.3d 361, 365 (2nd Cir. 1997); *Breslaw,* 108 F.3d at 207; *NBN Broadcasting Inc. v. Sheridan Broadcasting Networks Inc.,* 105 F.3d 72, 78 (2nd Cir. 1997); *Harrison v. Edison Bros. Apparel Stores Inc.,* 924 F.2d 530, 534 (4th Cir. 1991). When a plaintiff voluntarily dismisses a cause of action with prejudice, future litigation of that same cause of action is barred by the doctrine of *res judicata*. In *Smoot v. Fox,* the Sixth Circuit held that a plaintiff's voluntary dismissal of an action with prejudice is a complete

4

adjudication of the issues presented by the pleadings and is a bar to further action between the same parties. *Id,* 340 F.2d 301, 303 (6th Cir. 1964). In other words, a plaintiff's voluntary dismissal of the complaint with prejudice constitutes a final adjudication in the defendant's favor.

Here, fourteen of the twenty plaintiffs filed stipulations of dismissal, with prejudice. The claims of the remaining six plaintiffs were dismissed by the court for failure to prosecute. Under Federal Rule of Civil Procedure 41(b), a dismissal for failure to prosecute operates as an adjudication on the merits. Thus, the plaintiffs' stipulations of dismissal and the court's order dismissing the remaining plaintiffs' claims for failure to prosecute are tantamount to a judgment on the merits and are sufficient to confer on TSI the status of a prevailing party for the purpose of awarding attorney's fees pursuant to 29 U.S.C. § 2104(a)(6).

Although TSI is technically a prevailing party, this is an appropriate case for the court to exercise its discretion under the statute, and decline to award attorney's fees to TSI. The court finds that it would be inequitable to burden plaintiffs with TSI's attorney's fees in this litigation. Plaintiffs acted in good faith, the case was not frivolous, and plaintiffs either voluntarily dismissed their claims or abandoned them when discovery revealed that they did not have the requisite number of individuals to pursue a claim under the WARN Act. In addition, awarding attorney's fees in this case would have a chilling effect on other employees seeking to vindicate their rights under the WARN Act. In this case, plaintiffs were hourly

5

employees, whose annual wage is less than $27,000.00. To burden these plaintiffs with TSI's attorney's fees would dissuade future plaintiffs with legitimate claims from filing suit. The remedial purpose of the statute is thwarted if the financial risk of filing suit outweighs the potential benefits. *See Bledsoe v. Emery Worldwide Airlines,* 2012 WL 3647181 at *3 (S.D.Ohio Aug. 23, 2012). Accordingly, the court declines to accept the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated above that TSI's motion for attorney's fees [R. 39] is **DENIED**.

    **IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

6

Case 3:13-cv-00577-PLR-HBG   Document 52   Filed 05/21/15   Page 6 of 6   PageID #: 428